CARRERA, PLAINTIFF AND APPELLEE, *v.* MARRERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2020.—Decided June 23, 1919.

CONTRACT—DEBT—DATION EN PAIEMENT—EXTINCTION OF OBLIGATION.—When a creditor receives from his debtor a *dation en paiement* under a certain condition, it is necessary that the condition be fulfilled before the *dation* can have the effect of extinguishing the original obligation.

ID.—ID.—ID.—IMPOSSIBLE CONDITION—PERFECTION OF CONTRACT.—In order that a contract of *dation en paiement* made subject to a certain condition may become perfected it is necessary that the condition be fulfilled; therefore,

if the condition is impossible, as where it consists in conveying a property duly recorded in the registry and the property given in payment of the debt does not belong wholly to the debtor, who is only a joint owner, it cannot be said that the contract was perfected, or that the original debt was extinguished; consequently the creditor may sue for payment.

The facts are stated in the opinion.

Messrs. Angel A. Vázquez and Rodolfo Ramírez for the appellant.

Mr. José Sabater for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant admitted in his answer to the complaint that he had signed the note in suit for $411 payable December 30, 1916, but alleged that in payment of this debt and of another due to the plaintiff he conveyed to the plaintiff a property and the plaintiff brought proceedings to establish his ownership of the property by possession.

The judgment in the action was adverse to the defendant and he sets up as the only ground for its reversal on appeal that the evidence is insufficient to support it.

Although the evidence shows that the defendant conveyed the said property to the plaintiff in payment of the obligation sued on in this action and of another for $400, styling himself the owner of the property without a written title, it also appears that such dation en paiement was to become perfected when after the plaintiff had prosecuted possessory title proceedings the property should be recorded in his name in the registry of property, at which time he would return the said two notes and a certain sum to complement the amount of the dation en paiement. It also appears that after the possessory title proceeding had been instituted by the plaintiff the opposition made to it by the defendant's brothers disclosed that the property was recorded in the registry of property in the name of the defendant's mother; that no partition of the said property among her heirs had been made, and that the defendant's brothers had not transferred to him or to the plaintiff their

hereditary rights in the property, the proceeding having terminated by a decision adverse to the declaration of possession of the plaintiff.

These facts show that the judgment appealed from is supported by the evidence, for, it appearing from the evidence that the condition that the property should be recorded in the registry of property in the name of the plaintiff cannot be fulfilled because the appellant had given him in payment of his debts a property which did not belong to him alone, but jointly with his brothers as heirs of their mother, in whose name it was recorded in the registry of property, the contract of *dation en paiement* was not perfected and for that reason the debts in favor of the plaintiff have not been extinguished and consequently he may sue for payment.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.